UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PAUL JONES, | No. C 06-5077 MHP (pr) |
| Petitioner, | **ORDER OF DISMISSAL** |
| v. | |
| ROBERT HOREL, warden, | |
| Respondent. | |

## INTRODUCTION

Paul Jones, a prisoner currently in custody at Pelican Bay State Prison, filed a pro se petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. In his petition, Jones asserted challenges to his 1970 conviction and the execution of the sentence on that conviction, i.e., the parole authority's failure to set a term for him. See Nov. 29, 2006 Order, pp. 1, 2. The court decided that it would only consider challenges to the 1970 conviction in this action and dismissed without prejudice the claims pertaining to the execution of the sentence. Id. at 2. Now before the court for consideration are petitioner's motions for reconsideration, for appointment of counsel and for an extension of time, as well as respondent's motion to dismiss the petition as untimely. The court finds that the petition was not timely filed and dismisses it.

## BACKGROUND

Jones was convicted in San Francisco County Superior Court in 1970 of first degree murder, assault with a deadly weapon, first degree burglary, three counts of first degree robbery, rape, and oral copulation by force. See Resp. Exh. 1. He was sentenced in 1970 to life imprisonment on the murder count with consecutive and concurrent prison terms imposed on the other counts. He appealed. His conviction was affirmed in 1971 by the California Court of Appeal, with the modification that all sentences were to run concurrent to the life term on the murder count. His petition for review was denied in an unstated year by the California Supreme Court. Petition, p. 3.

Jones filed numerous habeas petitions in state court before filing this action. His first habeas petition in the San Francisco County Superior Court was filed in or about 1995 and denied on May 1, 1995, because, among other things, Jones failed to justify the substantial delay in filing the petition. Resp. Exh. 3. His second habeas petition in the San Francisco County Superior Court was filed on an unknown date in or about 1997 and denied on May 2, 1997, because, among other things, Jones failed to justify the substantial delay in filing his habeas petition. Resp. Exh. 4. Jones' next petition for writ of habeas corpus was filed in the California Court of Appeal on May 12, 1997, and denied on May 29, 1997. Resp. Exh. 5. Jones' next petition for writ of habeas corpus was filed in the California Supreme Court on April 1, 1998, and denied on October 28, 1998 "for lack of diligence." Resp. Exh. 6. After another 7 years, Jones filed more state habeas petitions. His next petition for writ of habeas corpus in the California Court of Appeal, was filed on January 5, 2006, and denied on January 12, 2006. Resp. Exh. 7. His next petition for writ of habeas corpus in the California Supreme Court was filed on January 30, 2006, and denied on July 19, 2006. Resp. Exh. 8.

Jones' federal petition is deemed to have been filed on July 31, 2006. See Nov. 29, 2006 Order, p. 2.

Respondent filed a motion to dismiss the action on the ground that the petition was not timely filed. Jones opposed the motion to dismiss. Jones also filed several miscellaneous motions which are addressed in the next section.

**DISCUSSION**

A.   <u>Petitioner's Miscellaneous Motions</u>

Petitioner filed a request for permission to seek reconsideration of the court's decision that he must challenge the execution of his sentence in a separate habeas action from this action in which he challenged his conviction. The request is DENIED. (Docket # 5.) As the court explained in its November 29, 2006 Order, there are various procedural considerations that are best served by proceeding in separate habeas actions when a prisoner challenges both his conviction and the execution of his sentence. The inter-relatedness of the execution of the sentence and the conviction is no greater here than in any other prisoner's case. The court did not prohibit Jones from challenging the execution of his sentence, and instead only required that he file a separate action to do so.

Petitioner's requests for appointment of counsel are DENIED. (Docket # 5, # 17.) A district court may appoint counsel to represent a habeas petitioner whenever "the court determines that the interests of justice so require and such person is financially unable to obtain representation." 18 U.S.C. § 3006A(a)(2)(B). The decision to appoint counsel is within the discretion of the district court. <u>See</u> <u>Chaney v. Lewis</u>, 801 F.2d 1191, 1196 (9th Cir. 1986), <u>cert. denied</u>, 481 U.S. 1023 (1987). Appointment is mandatory only when the circumstances of a particular case indicate that appointed counsel is necessary to prevent due process violations. <u>See</u> <u>id.</u> The interests of justice do not require appointment of counsel in this action.

Petitioner's requests for an extension of time to file an opposition to respondent's motion to dismiss are GRANTED. (Docket # 15, 18.) His opposition brief filed on June 29, 2007 is deemed timely filed.

B.   <u>Respondent's Motion To Dismiss</u>

Petitions filed by prisoners challenging non-capital state convictions or sentences must be filed within one year of the latest of the date on which: (1) the judgment became final after the conclusion of direct review or the time passed for seeking direct review; (2) an impediment to filing an application created by unconstitutional state action was removed, if

3

1  such action prevented petitioner from filing; (3) the constitutional right asserted was
2  recognized by the Supreme Court, if the right was newly recognized by the Supreme Court
3  and made retroactive to cases on collateral review; or (4) the factual predicate of the claim
4  could have been discovered through the exercise of due diligence.  28 U.S.C. § 2244(d)(1).
5  For cases in which the convictions became final before the April 24, 1996 enactment of the
6  Anti-Terrorism and Effective Death Penalty Act ("AEDPA"), the petitioners had a one-year
7  grace period so that their petitions were due by April 24, 1997.  See Patterson v. Stewart, 251
8  F.3d 1243, 1245-46 (9th Cir.), cert. denied, 534 U.S. 978 (2001).

9        The first step is to determine when the limitations period began.  Jones' conviction
10 became final in the early 1970s, so he is one of the petitioners who had a one-year grace
11 period to file federal habeas petitions after the enactment of the AEDPA.  The presumptive
12 deadline for Jones to file was April 24, 1997.  Jones missed that deadline by nine years, so
13 unless he is entitled to significant tolling, his petition was very untimely.

14       Jones argues that there should be a delayed start of the limitations period because the
15 first claim in his habeas petition is based on "the U.S. Supreme Court's 2005 announcement
16 of a new retroactive legal right in the case of Johnson v. California."  Opposition, p. 9.  This
17 argument fails because that case did not recognize a new right.  The first claim in the habeas
18 petition is that "California's jury selection process systematically excluding African
19 American prospective jurors from petitioner's jury violate[d] his constitutional rights under
20 the U.S. Supreme Ct. 2005 ruling in Jay Johnson v. California."  Petition, p. 6; id. at 9
21 ("prosecutor utilized its peremptory challenges to systematically remove/exclude the only
22 prospective African-American juror from his trial.")  The problem for Jones is that Johnson
23 v. California, 545 U.S. 162, 170 (2005), did not create a new right but instead was an
24 application and explanation of the right recognized two decades ago in Batson v. Kentucky,
25 476 U.S. 79 (1986).  Jones' Batson claim could have been asserted any time in the last two
26 decades, and did not depend on the existence of Johnson.  Johnson was not the initial
27 recognition by the Supreme Court of the constitutional right not to have jurors excluded from
28 the jury based on their race so as to permit a delayed start of the limitations period under 28

U.S.C. § 2244(d)(1)(C).

The one-year limitations period will be tolled for the "time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending." 28 U.S.C. § 2244(d)(2). Tolling is available for the intervening period between state habeas petitions when a petitioner files the later state habeas petition "within what California would consider a 'reasonable time.'" Evans v. Chavis, 546 U.S. 189, 198 (2006); see Carey v. Saffold, 536 U.S. 214, 220 (2002).

Jones filed a state habeas petition at some unknown date on or before May 2, 1997, as that was the date on which his 1997 petition was denied in the San Francisco County Superior Court. That petition was denied for an unexplained lack of diligence. Even assuming that the petition was filed before the limitations period had expired on April 24, 1997, the petition was not "properly filed" within the meaning of the AEDPA because the state court expressly found that it was untimely without justification for the substantial delay. "When a postconviction petition is untimely under state law, 'that [is] the end of the matter' for the purposes of § 2244(d)(2)." Pace v. DiGuglielmo, 544 U.S. 408, 412-13 (2005) (quoting Carey, 536 U.S. at 226). "Because the state court rejected petitioner's [postconviction] petition as untimely, it was not 'properly filed,' and he is not entitled to statutory tolling under §2244(d)(2)." Id. at 413. Jones thus is not entitled to statutory tolling for the 1997 state superior court petition because it was not properly filed.

Even if Jones was entitled to statutory tolling for his state habeas petitions in the San Francisco County Superior Court and the California Court of Appeals in 1997, his 1998 petition in the California Supreme Court was not properly filed because it also was rejected for lack of diligence and therefore did not toll the limitations period. Furthermore, even if Jones received tolling for all of those efforts in state court through 1998, he still has the problem of the 7+ year gap in state habeas activity after 1998. He does not receive statutory tolling for the 7+ years that passed before he filed additional state habeas petitions starting in 2006. Jones would not receive statutory tolling for the gap between the 1998 denial of the petition by the California Supreme Court and the filing of the next habeas petition in the

5

California Court of Appeal in 2006 because they were separate rounds of habeas proceedings, see Dils v. Small, 260 F.3d 984, 986 (9th Cir. 2001) (not tolling limitation period during gap between successive state habeas petitions filed in the state's highest court); Smith v. Duncan, 297 F.3d 809, 814-15 (9th Cir. 2002) (excluding gap between first set of state habeas petitions and second set of state habeas petitions), and because the delay between them was far too great, see Evans v. Chavis, 546 U.S. at 201 (6-month delay between the denial of a habeas petition in the California Court of Appeal and the filing of a new habeas petition in the California Supreme Court was unreasonable and, consequently, tolling was not available during that period); Gaston v. Palmer, 447 F.3d 1165, 1167 (9th Cir. 2006) ("gap tolling" denied during periods of ten, fifteen and eighteen months between California habeas petitions). Jones' delay of more than 7 years from 1998 until 2006 was unreasonable and therefore would not result in a tolling of the limitations period.

The last step is to decide whether the limitations period should be equitably tolled. Equitable tolling of the limitations period is available upon a showing of extraordinary circumstances beyond a petitioner's control which prevented him from timely filing the petition. See Calderon v. United States District Court (Beeler), 128 F.3d 1283, 1288 (9th Cir. 1997) (equitable tolling will not be available in most cases because extensions of time should only be granted if extraordinary circumstances beyond prisoner's control make it impossible for him to file petition on time), cert. denied, 523 U.S. 1061, 1099 (1998), overruled in part on other grounds by Calderon v. United States District Court (Kelly), 163 F.3d 530 (9th Cir. 1998) (en banc), cert. denied, 526 U.S. 1060 (1999).

Jones contends that equitable tolling should be allowed due to (1) the restrictive conditions at the security housing unit at Pelican Bay, where he has been housed since 1990, which limit his access to jailhouse lawyers and limit his access to the law library, (2) his unsuccessful efforts to obtain counsel to represent him, and (3) "organic brain damage" that he has had for several decades. None of these reasons warrant equitable tolling. Although the access is greatly limited, there is some access to legal materials for SHU inmates by limited law library access as well as a paging system that allows in-cell study of legal

6

1 materials. See Opposition, p. 5; Carter Decl., ¶ 7. Jones was not completely denied access to
2 the law library or to legal materials. (Jones also does not explain why he didn't present his
3 claims in the 18+ years before his placement in the SHU in 1990. Although the period
4 before April 23, 1996, is not part of the limitations period and therefore equitable tolling does
5 not apply to it, the fact that Jones let more than 20 years pass (between the finality of his
6 conviction in they early 1970s and the filing of the first state habeas petition in 1995) before
7 collaterally challenging his conviction speaks volumes about his lack of diligence and that
8 weighs against equitable tolling. Cf. Raspberry v. Garcia, 448 F.3d 1150, 1153 (9th Cir.
9 2006).) His second excuse fares no better, because he had no right to counsel in collateral
10 challenges to his conviction and his inability to obtain counsel did not prevent him from
11 filing a petition. Having to prepare a habeas petition without the assistance of counsel is the
12 norm, rather than an extraordinary circumstance. Jones' third reason also does not support
13 equitable tolling because Jones has not shown that his "organic brain damage" prevented him
14 from timely filing his federal petition. Jones states that the brain damage has existed
15 throughout his incarceration, yet he was able to file state habeas petitions in the 1995-1998
16 time frame, and again starting in January 2006. Also, Jones filed and pursued a pro se civil
17 rights action in this court from 1991-1998: he filed a complaint in 1991, a memorandum of
18 points and authorities in 1992, and miscellaneous motions and documents in 1993, 1994,
19 1995, and 1998. Jones v. Gomez, No. C 91-3875 MHP. Jones' litigation activities in the
20 state habeas actions and in the federal civil rights action undermine any contention that he
21 had brain damage of a sort that precluded him from timely filing his federal petition.

22 Jones' petition was not filed until about thirty-five years after his conviction became
23 final. The petition was not filed before the expiration of the limitations period in 28 U.S.C. §
24 2244(d)(1) and therefore will be dismissed.

7

**CONCLUSION**

Petitioner's request for permission to seek reconsideration and requests for appointment of counsel are DENIED. (Docket # 5, # 17.)  His requests for an extension of time to file his opposition brief are GRANTED.  (Docket # 15, # 18.)

Respondent's motion to dismiss is GRANTED.  (Docket # 14.)   The petition is dismissed because it was not timely filed.  The clerk shall close the file.

IT IS SO ORDERED.

DATED: July 17, 2007

Marilyn Hall Patel
United States District Judge